**Gaylon Don BALL, Petitioner–Appellant,**

v.

**N.L. CONNER, Warden, Respondent–Appellee.**

No. 03–40383
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 10, 2003.

Gaylon Don Ball, pro se, Oakdale, LA, for Petitioner–Appellant.

Thomas Warren Kopf, Assistant US Attorney, US Attorney's Office, Tyler, TX, for Respondent–Appellee.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Gaylon Don Ball, federal prisoner # 17290–009, appeals the district court's

dismissal of his 28 U.S.C. § 2241 petition in which he challenged his convictions for conspiracy to manufacture amphetamine and attempting to manufacture amphetamine. Ball argues that he is entitled to relief under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and that his counsel was ineffective for failure to object to his lengthy sentence. Ball further argues that the "rule of lenity" should have been applied to determine the appropriate sentencing range.

This court has held that *Apprendi* does not apply retroactively to cases on collateral review and that an *Apprendi* claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the "savings clause" of 28 U.S.C. § 2255. *See Wesson v. U.S. Penitentiary Beaumont, TX,* 305 F.3d 343, 347–48 (5th Cir.2002), *cert. denied,* 537 U.S. 1241, 123 S.Ct. 1374, 155 L.Ed.2d 212 (2003); *United States v. Brown,* 305 F.3d 304, 309 (5th Cir.2002). Additionally, Ball's claim of ineffective assistance of counsel fails to satisfy the requirements of the savings clause. The claim is not based on a retroactively applicable Supreme Court decision which establishes Ball's innocence. Furthermore, the claim could have been raised on direct appeal or in Ball's first § 2255 motion. *See Reyes–Requena v. United States,* 243 F.3d 893, 904 (5th Cir.2001). Ball's "rule of lenity" argument is raised for the first time on appeal and consequently is unreviewable. *See United States v. Pardue,* 36 F.3d 429, 431 (5th Cir.1994).

Based on the foregoing, the district court's dismissal of Ball's 28 U.S.C. § 2241 petition is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.